

**SO ORDERED.**
**SIGNED this 30th day of September, 2020**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

TRAVIS BRYAN HOLLIFIELD
TRACY SLOAN HOLLIFIELD
aka TRACY RENEE' HOLLIFIELD

Case No. 3:20-bk-30913-SHB
Chapter 13

Debtors

## **O R D E R**

A hearing was held September 30, 2020, on (1) the Order entered September 16, 2020 [Doc. 77], directing, *inter alia*, for Debtors to appear and show cause why this case should not either be converted to Chapter 7 or dismissed for submitting documents that appear to contain materially false representations to the Chapter 13 Trustee; (2) the Motion to Extend Time Period to Provide Documents to Trustee filed by Debtors on September 11, 2020 [Doc. 71], and the Chapter 13 Trustee Response to Debtors' Motion to Extend Time to Comply with Court's Order of September 3 Requiring Production of Documents filed on September 14, 2020 [Doc. 72]; and (3) the Chapter 13 Trustee Objection to Confirmation filed on April 30, 2020 [Doc. 34]. Debtor Travis Bryan Hollifield appeared at the hearing; however, Debtor Tracy Sloan Hollifield, aka

Tracy Renee' Hollifield, did not appear.

For the reasons stated in the September 16 Order and on the record at the hearing, the Court directs the following:

1. Pursuant to 11 U.S.C. §§ 105(a) and 1307(c), this case is CONVERTED to a case under Chapter 7 of Title 11 of the United States Code effective as of the date of this Order.

2. Any wage order previously entered by this Court is vacated, and the employer or other entity must cease withholding income for payment to the Chapter 13 Trustee.

3. As required by E.D. Tenn. LBR 1019-1(a), within 14 days of the date of this order, Debtors must file:

    (a) a schedule of unpaid debts incurred after the filing of the petition, including the name and address of each claim holder;

    (b) a schedule of executory contracts and unexpired leases entered into or assumed after the filing of the petition;

    (c) if unpaid debts were incurred or executory contracts or unexpired leases entered into post-petition, a supplemental master address list of creditors in the form required by E.D. Tenn. LBR 1009-1; and

    (d) such other amendments to the schedules, statements, and lists as are necessary to reflect any material additions, deletions, or other changes in the assets or liabilities of the debtor(s) that have occurred since the filing of the petition.

4. If required by 11 U.S.C. § 521(a)(2)(A), within 30 days of the date of this Order, Debtors must file a statement of intention with respect to the retention or surrender of property of the estate securing consumer debts.

5. As required by E.D. Tenn. LBR 1019-1(b), within 30 days from entry of this order, the Chapter 13 Trustee must:

(a) pay first from any funds on hand any unpaid filing fee and second from any plan payments on hand, added to the estate by 11 U.S.C. § 1306(a)(1);

(b) after payment of the expenses referred to the immediately preceding subparagraph, return to Debtors all remaining property in the possession of the Chapter 13 Trustee that was added to the estate by 11 U.S.C. § 1306(a)(1) and (2);

(c) turn over to the Chapter 7 Trustee all records and property of the estate, as of the date of the filing of the petition, in the Chapter 13 Trustee's possession or control as required by Federal Rule of Bankruptcy Procedure 1019(4); and

(d) file a final report and account, except that the filing of the final report may be delayed until either all checks mailed by the Chapter 13 Trustee in this case have cleared the bank or 120 days of the entry of this order, whichever first occurs, provided a preliminary report is filed within the 30-day period.

6. The the Motion to Extend Time Period to Provide Documents to Trustee filed by Debtors on September 11, 2020 [Doc. 71], is DENIED as moot.

7. The Chapter 13 Trustee Objection to Confirmation filed on April 30, 2020 [Doc. 34], is OVERRULED as moot.

###